IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CORY J. CALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 12-3030 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is Petitioner Cory J. Call's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [d/e 1]. The United States has filed a Response [d/e 10] and the Petitioner has filed a Reply [d/e 11] to the Response.

## I. BACKGROUND

On October 20, 2010, in case number 10-CR-30066, the Petitioner entered an open plea of guilty to the three-count Indictment, charging him with Possession with the Intent to Distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); Possession of a Firearm in

Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A); and Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1).

During the plea colloquy, United States Magistrate Judge Byron G. Cudmore informed the Petitioner that he had an "absolute right" to plead not guilty and proceed to a jury trial. *See* Plea 6.[1] The Petitioner was advised of the statutory penalties for each count, including the mandatory, consecutive 5-year penalty for Count 2. *See* Plea 3 and 13-15. The Petitioner then pled guilty to each count. *See* Plea 20-21.

On March 3, 2011, the Petitioner was sentenced to 97 months in prison, including 37 months on Counts 1 and 3 to run concurrently, and 60 months on Count 2, to run consecutively to the concurrent terms. The Petitioner filed a Notice of Appeal as to the sentence. On September 14, 2011, the United States Court of Appeals for the Seventh Circuit affirmed the sentence.

On February 3, 2012, the Petitioner filed a timely Motion under §

---

[1]The transcript of the Plea Hearing is cited as "Plea ___."

2255.

## II. DISCUSSION

The Petitioner acknowledges he is guilty as to Counts 1 and 3 and challenges his conviction only on Count 2, which charged him with possession of a firearm in furtherance of a drug trafficking crime. That count contained the mandatory, consecutive 60-month sentence.

Pursuant to Ground One, the Petitioner asserts that he was not aware at the time that he could enter a plea of guilty to only Count 1 and Count 3. As to Ground Two, the Petitioner alleges he received ineffective assistance of counsel in violation of the Sixth Amendment because he was advised he would have to plead guilty to all three counts.

### A. Whether Petitioner was aware of right to plead not guilty

(1)

The Petitioner alleges that during the course of his change of plea hearing, the Court did not make it clear that he had the right to maintain his innocence and proceed to trial as to Count 2. Thus, he did not know or understand that he could exercise his constitutional right to proceed to

trial on Count 2. The Petitioner further contends that no evidence was presented tending to show that a firearm had been used in the course of a drug trafficking crime. At sentencing, Counsel emphasized that although the firearms were kept in close proximity to the drugs, the firearms were not used to assist the Petitioner in connection with the growing or selling of marijuana. *See* Sentence 13-14.[2] He contends that the facts here are in contrast to most prosecutions under § 924(c). The Petitioner asserts it is likely that if Counsel at sentencing had represented him at the time of his plea, then he would not have pled guilty to Count 2.[3] Therefore, he claims that his guilty plea as to Count 2 was neither knowing nor intelligent.

The Petitioner emphasizes that he did not "use" the weapons in furtherance of drug trafficking. To the extent that the Government suggests the weapons were there for protection, the Petitioner contends that does not constitute a "use."

---

[2] The transcript of the Sentencing Hearing is cited as "Sentence __."

[3] The Petitioner was represented by the Office of the Federal Defender. At the time of his plea, he was represented by Assistant Federal Public Defender Robert Scherschligt. At sentencing he was represented by Assistant Federal Public Defender Thomas Wilmouth.

Because the Petitioner is challenging his guilty plea under § 2255, relief is available if the alleged legal error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Marx v. United States*, 930 F.2d 1246, 1250 (7th Cir. 1991). In order for a guilty plea to be constitutionally valid, it must be made "voluntarily, intelligently and knowingly." *See Galbraith v. United States*, 313 F.3d 1001, 1006(7th Cir. 2002). A plea is voluntary if it is not induced by threats or misrepresentations, and the defendant is advised of the direct consequences of the plea. *See id*. It is knowing and intelligent if "the defendant is competent, aware of the charges and advised by competent counsel." *Id*.

The Government contends the motion should be denied because the record establishes that Petitioner was aware of the charges against him, the consequences of his plea, and was advised by competent counsel.

"To ensure that guilty pleas are knowingly and intelligently made, Rule 11 requires that a district court accepting a guilty plea 'address the defendant personally in open court,' informing the defendant of six

categories of rights and ensuring that he or she understands them–an exchange known as the Rule 11 colloquy." *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003) (citations omitted). At a Rule 11 hearing, "the defendant may be placed under oath" and questioned by the court concerning the voluntariness of the plea. *See* Fed. R. Crim. P. 11(b)(1), (2).

In contending that Petitioner's § 2255 motion is without merit, the Government relies on the Rule 11 colloquy at his change of plea hearing. After the Petitioner was placed under oath, the following exchange took place:

| | |
|---|---|
| The Court: | Do you understand that you have an absolute right to continue to plead not guilty and have a jury trial? Do you understand that right? |
| Petitioner: | Yes, sir. |
| The Court: | Do you understand that you can waive those rights and plead guilty, if that's what you elect to do, so as long as I find you know what you're doing. Understood? |
| Petitioner: | Yes, sir. |

\*\*\*

| | |
|---|---|
| The Court: | And you must understand that if you plead |

>	guilty to these three counts and I accept your guilty pleas, you waive your right to both a jury and bench trial and the rights that go with each type of a trial.  Understood?
>
> Petitioner:	Yes, sir.

Plea 6, 9.  Following this exchange, the Petitioner was informed of the essential elements for each of the three counts.  The Petitioner responded affirmatively when the Court inquired as to whether he understood the elements for each of the three counts.  *See* Plea 13.

The Court and the Petitioner then discussed the penalties for each of the three counts.  During this exchange, the Petitioner was asked about the penalties for each count.  He informed the Court that the mandatory minimum consecutive punishment for Count 2 was "five years."  *See* Plea 14.  The following exchange then took place:

> The Court:	Has anyone threatened you, Mr. Call, or threatened anyone else or forced you in any way to want to plead guilty?
>
> Petitioner:	No, sir.
>
> The Court:	Has anyone, including your attorney, promised you what your sentence is going to be if you plead guilty?

Petitioner:        No, sir.

Plea 16. After that colloquy, the Government provided a factual basis for the plea and the Court questioned the Petitioner about his criminal acts. This exchange followed:

The Court:     At this time, how do you plead to possession with intent to distribute marijuana as charged in Count 1?

Petitioner:    Guilty, sir.

The Court:     How do you plead to a possession of a firearm in furtherance of a drug trafficking crime as charged in Count 2?

Petitioner:    Guilty, sir.

The Court:     And how do you plead to the offense of possession of a firearm by a felon as charged in Count 3?

Petitioner:    Guilty, sir.

The Court:     Are you pleading guilty of three counts because you are guilty?

Petitioner:    Yes, sir.

The Court:     And it is your choice, your decision to plead guilty to all counts, 1, 2, and 3?

  Petitioner:  Yes, sir.

Plea 20-21.

(2)

  Based on this record, the Court is unable to conclude that Petitioner's plea was involuntary or unknowing.  The Petitioner was informed of each charge, the maximum penalties for those charges, and the applicability of the Federal Sentencing Guidelines.  The Court also ensured that Petitioner was aware of his right to persist in a plea of not guilty, his right to a jury trial on each count, his right to the assistance of counsel, and his right against self-incrimination.  The plea was supported by a factual basis, as provided by the Government.  Additionally, the Court ensured that Petitioner's pleas were voluntary and not the result of incapacity, force, threats, or promises.  The Seventh Circuit has stated that a petitioner's voluntary responses during the Rule 11 colloquy are binding and entitled to a presumption of verity.  *See United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999); *United States v. Price*, 988 F.3d 712, 717 (7th Cir. 1993).

Based on the foregoing, the Court is not persuaded by the Plaintiff's current allegations which are inconsistent with his statements made under oath at his change of plea hearing. The transcript of the Rule 11 colloquy shows that Judge Cudmore took significant measures to ensure that Petitioner's guilty plea was constitutionally valid. Based on his statements in open court, the Court concludes that Petitioner's guilty plea was made voluntarily, intelligently, and knowingly. The Petitioner's motion is devoid of any "actual proof of the allegations going beyond mere unsupported assertions." *Galbraith*, 313 F.3d at 1009. Accordingly, the Petitioner was aware of the nature of the guilty plea. The Court will Deny the Petitioner's § 2255 motion as to his first claim.

B. Ineffective assistance of counsel claim

(1)

The Petitioner's second ground for relief is that his Counsel was ineffective for informing the Petitioner that if he were to plead guilty, then he would have to plead guilty to all counts. The Petitioner notes that he was represented by three different attorneys during the course of these

proceedings.[4]  He contends, however, that because each of the attorneys was employed by the Office of Federal Public Defender, they could not accuse another attorney of providing ineffective assistance.

In order to prevail on an ineffective assistance claim, a petitioner must show that counsel's performance was objectively unreasonable and that such performance prejudiced the petitioner.  *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [the Petitioner] would not have pleaded guilty."  *Galbraith*, 313 F.3d 1001 (citations omitted).  However, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

The Petitioner alleges that *Strickland*'s first prong is met when Defense Counsel at the change of plea hearing incorrectly informed the Petitioner

---

[4]In addition to the two attorneys previously mentioned, the docket report in the underlying criminal case provides that Assistant Federal Public Defender Daniel Hansmeier was appointed to represent the Petitioner at his initial appearance on September 9, 2010, and was terminated as Counsel on September 13, 2010.

11

that his plea of guilty had to include Count 2. He claims that Defense Counsel at sentencing noted that Petitioner firmly believed he was, and is, innocent of Count 2. The Petitioner asserts that but for Counsel's erroneous advice, he would have proceeded to trial on Count 2. Accordingly, he alleges that Counsel's performance fell below an objective standard of reasonableness.

The Petitioner claims that *Strickland*'s second prong is met because the result of the proceeding would have been different if Count 2 had been taken to trial. He asserts no evidence shows that he ever used the firearms in the furtherance of a drug crime.

The Petitioner alleges that based on the totality of circumstances, a jury would have had a difficult time finding him guilty beyond a reasonable doubt. Thus, he would not have been convicted and sentenced to a consecutive 60-month term.

As the Government asserts, "the [P]etitioner must do more than simply allege that he would have insisted on going to trial; he must also come forward with objective evidence that he would not have pled guilty."

12

*See Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (internal quotation marks and citation omitted). The Government contends that the evidence proffered by the Petitioner reinforces his guilt as to Count 2.

In an Affidavit submitted with his § 2255 Motion, the Petitioner acknowledges that the affidavit in support of his criminal complaint "is true regarding the location of the firearms and ownership of the firearms." Relying on *Bailey v. United States*, 516 U.S. 137 (1995), the Petitioner claims that he did not *use* the firearms in any drug trafficking crime. The Petitioner's argument misses the mark. He was not charged with, and he did not plead guilty to, using a firearm during a drug trafficking crime. The Petitioner was charged with, and pleaded guilty to, *possessing* a firearm in furtherance of a drug trafficking crime.

In 1998, Congress amended 18 U.S.C. § 924(c) to prohibit possession of a firearm in furtherance of a drug trafficking crime. The law serves to prevent a drug dealer from furthering his drug trafficking activity by using firearms to protect "his stash or his territory." *See United States v. Fouse*, 578 F.3d 643, 651 (7th Cir. 2009). "The presence of a weapon serves as

a potent warning to those who might contemplate stealing the drugs and a potent tool to defend against those who actually undertake to steal the contraband." *United States v. Castillo*, 406 F.3d 806, 815 (7th Cir. 2005). In this colloquy with the Court, the Petitioner admitted to that very activity:

| | |
|---|---|
| The Court: | Did you have a safe that contained marijuana and other drugs? |
| Petitioner: | Yes, sir. |
| The Court: | Did you have this SKS rifle and this .410, .45-caliber revolver? |
| Petitioner: | It was a double-barrel pistol. It wasn't a revolver. |
| The Court: | Thank you. Plus ammunition for both? |
| Petitioner: | Yes, sir. |
| The Court: | You sold dope, correct? |
| Petitioner: | Yes, sir. |
| The Court: | Were those guns there to help protect your operation if you needed them? |
| Petitioner: | No, sir. |

14

> The Court:       Were they there to show that you meant business?
>
> Petitioner:      Yeah.
>
> The Court:       Yes or no.
>
> Petitioner:      Yes, sir.
>
> The Court:       And that's the reason that the gun was visible and present?
>
> Petitioner:      Yes, sir.

Plea 19-20.

The affidavit in support of the criminal complaint discusses the location of the Petitioner's weapons–specifically how close they were to the marijuana. The marijuana growing operation was behind a padlocked door that was covered by a marijuana leaf flag. The door was also protected by an infrared surveillance system. The officers discovered the assault rifle behind the padlocked door immediately adjacent to a drying marijuana plant and a Sentry safe. Inside the safe, officers found 14 ounces of marijuana (in 14 individual baggies), the .410/.45 caliber pistol, and ammunition for both the pistol and the assault rifle. In *Fouse*, the Seventh

Circuit stated, "Factors distinguishing innocent gun possession from possession in furtherance of a drug crime include the nature of the drug activity, the type and accessibility of the weapon, whether the weapon was loaded, and the proximity of the weapon to drugs or drug profits." 578 F.3d at 651.

The Government alleges that Petitioner has not contradicted his admissions made at the plea hearing and acknowledges that the guns were next to his stash of marijuana. Moreover, the Petitioner offers no evidence to contradict his guilt and only states that he would have proceeded to trial on Count 2. The Seventh Circuit has "stated many times that a mere allegation by the defendant that he would have insisted on going to trial is not sufficient to establish prejudice." *Bethel v. United States*, 458 F.3d 711, 718 (7th Cir. 2006) (citations omitted).

The Government further states that Petitioner has offered no evidence suggesting that Counsel's performance was deficient. Moreover, in order for the Petitioner to have avoided trial and received acceptance of responsibility for his conduct, a plea to all counts was necessary. The

Petitioner has presented no evidence undermining his representations at the plea hearing that he was satisfied with his Counsel's performance. Thus, the Government contends that Petitioner's argument that his plea was involuntary is without merit.

(2)

The Court concludes that Petitioner is unable to meet either prong under *Strickland*. The Petitioner notes that he has no legal training and does not possess a college degree. Moreover, he was in a typical state of shock when he appeared for his plea hearing. Thus, the Petitioner states that he was especially reliant on counsel's advice. However, these factors make the Petitioner no different than many other criminal defendants who appear in federal court.

The evidence in the record reinforces the Petitioner's guilt as to Count 2. This includes the location of the weapons in relation to the marijuana and the Defendant's statements under oath, including that the guns were present to show that he "meant business." *See* Plea 19-20.

Because the proximity of the guns to the drugs supported a conviction

under §924(c), Counsel may have believed from the outset that the best course in this case was to accept responsibility and plead guilty to all counts. The Petitioner's Counsel could and did ask the Court to impose a below-guidelines sentence on those counts that did not have a mandatory minimum.[5] Moreover, Counsel highlighted what he believed to be the mitigating factors and argued that the firearms were not "directly connected" to the Petitioner's marijuana grow operation. *See* 3:10-cr-30066, Def's. Sent. Memo., 8. Counsel may have reasonably believed that Petitioner would have faced a significantly longer sentence if he had proceeded to trial. Given the location of the firearms and the marijuana, that may well have been a wise decision.

    Because the Petitioner is unable to show that Counsel's performance was objectively unreasonable, he is not entitled to any relief under § 2255. Therefore, his motion will be denied.

    The Court further finds that Petitioner has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §

---

[5]Counsel requested a sentence of 84 months, which was 13 months below the low end of the applicable guideline range.

2253(c)(2). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, therefore, the Court declines to issue a certificate of appealability.

<u>Ergo</u>, the Motion of Petitioner Cory J. Call to Vacate, Set Aside, or Correct Sentence [d/e 1] is DENIED.

The Court declines to issue a certificate of appealability.

The Clerk will enter Judgment pursuant to this Order.

IT IS SO ORDERED.

ENTER: August 31, 2012

FOR THE COURT:

<u>s/Richard Mills</u><br>
Richard Mills<br>
United States District Judge